**MILBANK LLP**
Mark D. Villaverde (SBN 331876)
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Email: mvillaverde@milbank.com

Daniel M. Perry (SBN 264146)
Stephen P. Morgan (application for *pro hac vice* forthcoming)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Email: dperry@milbank.com

*Attorneys for Plaintiff Goanna Capital 21H LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOANNA CAPITAL 21H LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL MAHER,<br><br>  Defendant. | Case No.: 21-CV-5618<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

  Plaintiff Goanna Capital 21H LLC ("Plaintiff"), by its counsel, Milbank LLP, as for its Complaint against the defendant Michael Maher ("Defendant"), alleges upon knowledge as to itself and its own acts and upon information and belief as to all other matters as follows:

## JURISDICTION AND VENUE

  1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332.  Diversity of citizenship exists between the parties because Plaintiff is a citizen of Australia and Defendant is a citizen of California.  The

**COMPLAINT FOR BREACH OF CONTRACT**

amount in controversy, without interest and costs, exceeds the sum or value of $75,000.

2. This Court has personal jurisdiction over Defendant because Defendant resides in this district.

3. Venue lies in this district under 28 U.S.C § 1391 because Defendant resides in this district.

## NATURE OF THIS ACTION

4. This action arises out of actions by Defendant to repudiate and otherwise avoid his contractual obligation to make a payment to Plaintiff in the amount of $3,000,000. Plaintiff seeks damages and such other and further relief as the Court may deem just and proper.

## PARTIES

5. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 50 West Broadway, Suite 300, Salt Lake City, Utah 84101. The sole member of Plaintiff is non-party Robert Hilmer, a citizen of Australia who is domiciled in Utah.

6. Defendant is a citizen of California who resides and is domiciled in Manhattan Beach, California. Defendant is an employee of non-party Dapper Labs Inc., a privately-held, blockchain-focused technology company.

## STATEMENT OF FACTS

7. In or around April 2021, Plaintiff was introduced to Defendant.

8. At that time, Defendant desired to sell certain common shares of his employer, Dapper Labs, which Defendant held an irrevocable right and option to purchase pursuant to an agreement between Dapper Labs and Defendant.

9. In April 2021, the parties entered into two written agreements concerning Defendant's sale and Plaintiff's purchase of certain Dapper Labs common shares.

10. On or around April 9, 2021, Defendant and Plaintiff entered into a written Stock Transfer Agreement (the "STA").

11. The STA is governed by Delaware law.

12. In the STA, Defendant agreed to sell certain common shares of Dapper Labs to Plaintiff by no later than the date of Closing (defined therein) and Plaintiff agreed to make a payment to Defendant in the amount of $16,043,592 (the "Purchase Price") by that same date.

13. Shortly after the parties executed the STA, Defendant contacted Plaintiff and explained that Defendant had formed the view that the value of the Dapper Labs common shares he agreed to sell to Plaintiff under the STA was significantly greater than the agreed-upon Purchase Price.

14. At that time, Defendant requested that Plaintiff release him from his obligations under the STA so that Defendant could attempt to secure another buyer willing to purchase, at a greater value, the shares Defendant was contractually committed to sell to Plaintiff under the STA.

15. On April 23, 2021, Defendant and Plaintiff entered into a second written agreement (the "Termination Agreement"), which superseded and terminated the STA and any other agreement between the parties with respect to the subject matter addressed therein.

16. The Termination Agreement is governed by Delaware law.

17. In the Termination Agreement, Plaintiff agreed to, among other things, relinquish its rights under the STA, and Defendant agreed to, among other things, make a payment to Plaintiff in the amount of $3,000,000 (the "Termination Payment") by no later than August 21, 2021.

18. On June 5, 2021, Defendant contacted Plaintiff and disclaimed his obligation to make the Termination Payment to Plaintiff on the terms set forth in the Termination Agreement. Defendant indicated that he did not intend to make the Termination Payment absent Plaintiff's agreement to different terms.

19. On June 10, 2021, Plaintiff sent Defendant a letter notifying Defendant that he was in anticipatory breach of the Termination Agreement. At that time, Plaintiff:

    a. demanded that Defendant immediately retract his repudiation and provide confirmation that he would make the Termination Payment to Plaintiff on the terms set forth in the Termination Agreement; and

    b. informed Defendant that barring his provision of the requested retraction and confirmation by no later than June 23, 2021, Plaintiff intended to take any and all steps necessary to enforce its rights under the Termination Agreement, including by initiating a lawsuit against Defendant.

20. Defendant did not retract his repudiation or provide the requested confirmation by June 23, 2021.

21. On June 24, 2021, Defendant, through his counsel, sent Plaintiff a letter disclaiming Defendant's obligation to make the Termination Payment to Plaintiff on the terms set forth in the Termination Agreement and purporting to provide Plaintiff notice of Defendant's "election" to "unilaterally rescind" the Termination Agreement. In that letter, Defendant indicated that he was only willing to consider making a payment to Plaintiff on terms that differed from the terms set forth in the Termination Agreement.

22. On July 1, 2021, Plaintiff sent a letter to Defendant's counsel explaining that the Termination Agreement is a valid, enforceable contract between the parties that is not subject to unilateral recission by Defendant. In that letter, Plaintiff also:

    a. informed Defendant that he was in continuing anticipatory breach of the Termination Agreement;

    b. made its final demand that Defendant immediately retract his purported recission and repudiation and provide confirmation that he

would make the Termination Payment on the terms set forth in the Termination Agreement; and

c. informed Defendant that barring his provision of the requested retraction and confirmation by no later than July 9, 2021, Plaintiff would consider the repudiation as final and initiate a lawsuit against Defendant.

23. Defendant did not provide the requested retraction and confirmation by July 9, 2021.

24. To date, Defendant has not provided the requested retraction and confirmation.

## CLAIM FOR RELIEF
### Breach of Contract

25. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

26. The Termination Agreement constitutes a valid and binding agreement between the parties thereto.

27. At all relevant times, Plaintiff performed its obligations under the Termination Agreement.

28. The Termination Agreement requires Defendant to, among other things, make the Termination Payment to Plaintiff by no later than August 21, 2021.

29. Defendant anticipatorily breached the material provisions of the Termination Agreement by, among other things:

a. twice repudiating, disclaiming, and otherwise indicating that he did not intend to perform his contractual obligation to make the Termination Payment on the terms set forth in the Termination Agreement; and

b. twice refusing to retract his anticipatory repudiation or otherwise provide confirmation that he intended to perform his contractual obligations under the Termination Agreement.

30. As a direct and proximate result of Defendant's anticipatory breach of the Termination Agreement, Plaintiff has suffered and will suffer damages, including consequential damages, in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Award Plaintiff contractual damages for Defendant's breach of the Termination Agreement in the amount of $3,000,000;

(B) Award Plaintiff compensatory damages in an amount according to proof;

(C) Award pre-judgment and post-judgment interest; and

(D) Grant all other and further relief as this Court deems necessary, just, and proper.

DATED: July 12, 2021
Los Angeles, California

MILBANK LLP

/s/ Mark D. Villaverde
Mark D. Villaverde (SBN 331876)
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile: (231) 629-5063
Email: mvillaverde@milbank.com

Daniel M. Perry (SBN 264146)
Stephen P. Morgan (application for *pro hac vice* forthcoming)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Fax: (212) 530-5219
Email: dperry@milbank.com

*Attorneys for Plaintiff Goanna Capital 21H LLC*

-6-
**COMPLAINT FOR BREACH OF CONTRACT**