UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOANNA CAPITAL 21H LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL MAHER,<br><br>　　　　　　Defendant. | Case No.: 2:21-CV-5618-JFW (PLA)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Hon.  John F. Walter<br><br>Magistrate Judge Paul L. Abrams |

**1.　GENERAL**

　　1.1　<u>Purposes and Limitations.</u>  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this

Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

      1.2    <u>Good Cause Statement</u>.  This action is likely to involve non-public, confidential, personal, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets, or non-public research for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices and investment or trading strategies, or other confidential research, development, or commercial information, including pricing and cost information, customer and client information, personally identifiable information (including dates of birth, addresses, social security numbers, phone numbers, personal credit, banking information, or personal financial information), information implicating the privacy rights of third parties, information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential,

non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 <u>Action</u>: *Goanna Capital 21H LLC v. Michael Maher*, No. 2:21-cv-5618-JFW (PLA).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement (section 1.2).

2.4 <u>Counsel</u>: attorneys who are retained to represent or advise a Party to this Action, including attorneys who have appeared in this Action on behalf of a Party or are affiliated with a law firm that has appeared on behalf of a Party (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, without limitation, documents, electronic files, written discovery responses, deposition testimony and related exhibits, transcripts, and other tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9   Party: any party to this Action, including all of its officers, directors, principals, members, managers, employees, consultants, retained Experts, and Counsel (and their support staffs).

2.10   Producing Party:  a Party or Non-Party that produces Discovery Material in this Action.

2.11   Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL" in this Action.

2.13   Receiving Party:  a Party that receives Discovery Material from a Producing Party.

3.   **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Protective Order does not govern the use of Protected Material at trial.

4.   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order, except for those materials that are introduced publicly at trial (as reflected in the trial record), shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of:  (1) dismissal of all claims and

defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

 5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of any materials, documents, items, or oral or written communications that qualify so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

 Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

 If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

 5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

 Designation in conformity with this Protective Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents or discovery responses, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that only makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b) for testimony given in depositions the Designating Party may either:

(1) Identify on the record, before the close of the deposition, all "CONFIDENTIAL" testimony, by specifying all portions of the testimony that qualify as "CONFIDENTIAL"; or

(2) Designate the entirety of the testimony at the deposition as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of testimony as to which the protection is sought within 15 business days following receipt of the final deposition transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend." If only a portion or portions of the information

warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      5.4    Upward Designation of Information or Items Produced by Other Parties or Non-Parties. A Party may upward designate (*i.e.*, change any Discovery Material produced without a designation to a designation of "Confidential") any Discovery Material produced or disclosed by another Party or Non-Party, provided that said Discovery Material could be properly designated as Protected Material under this Protective Order if produced by the upward designating Party.

      (a)    Upward designation shall be accomplished by providing written notice to the opposing Party and the relevant Producing Party identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days from the discovery by the Party that these Discovery Materials should be upward designated. Failure to upward designate within thirty (30) days, alone, will not prevent a Party from obtaining the agreement of the Producing Party to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in section 6 regarding challenging designations.

**6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.  If a Challenging Party objects to a designation of Discovery Material as Protected Material, that Challenging Party shall initiate the dispute resolution process under Local Civil Rule 37.1 *et seq.* by notifying the Designating Party, in writing, of its disagreement and specifically identifying the information in dispute.  The Challenging Party must act in good faith in challenging the designation of Discovery Material as Protected Material.  If, despite their good faith effort, the Challenging Party and the Designating Party do not resolve their disagreement within ten (10) days of the Designating Party's receipt of the written notice, the Challenging Party may thereafter apply to the Court on notice, on the propriety of the designation.  Any discovery motion must strictly comply with the procedures set forth in Local Civil Rules 37-1, 37-2, and 37-3.

6.3   Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

/

/

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following persons:

(a)   the Court and its personnel and any appellate court with jurisdiction over this Action;

(b)   the Receiving Party and the Receiving Party's Counsel in this Action, and their legal, clerical, or support staff to whom it is reasonably necessary to disclose the information for this Action;

(c)   the officers, directors, members, managers, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)   professional court reporters, stenographers, and video operators transcribing depositions, testimony, or official proceedings in the Action;

(e)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f)   during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may, upon the request of the Designating Party, be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(g)  Experts (as defined in section 2.7) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that the Expert has first executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and further provided that any portions of any report created by such Expert that relies on Protected Material shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(h)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by each Party engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party within no more than five (5) business days if reasonably practicable.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order;

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected;

(d)  to the extent permitted by law, the Party to which the subpoena is directed shall not produce material for at least ten (10) days after notice of the subpoena is provided to the Designating Party in order to provide the Designating

Party a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Protected Material. In no event shall such Protected Material subject to this Order be produced to a third party by a Party pursuant to a subpoena without providing the Designating Party an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law.

  (e) If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

  (f) In the event that Protected Material under this Order is produced in response to a subpoena, the recipient of the subpoena shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Protected Material.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

  (a) The Parties shall serve a copy of this Protective Order simultaneously with any subpoena or other request for documents or information issued to any Non-Party in connection with this Action.

  (b) The terms of this Order are applicable to materials and information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(d) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including by specifying what was disclosed and to whom (including name and contact information), (b) use its best efforts to retrieve or cause to be destroyed all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the

Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

### 13. **<u>FINAL DISPOSITION</u>**

After the final disposition of this Action, as defined in section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION).

Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**14. <u>VIOLATION OF ORDER</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED**.

DATED: October 22, 2021

                            */s/Paul L. Abrams*
                           PAUL L. ABRAMS
             UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____, [print or type full address] declare under penalty of perjury as follows:

1. Information, including documents and things, designated as "CONFIDENTIAL" as defined in the Protective Order that was issued by the United States District Court for the Central District of California on _____, 2021 (the "Order") in the case of *Goanna Capital 21H LLC v. Michael Maher*, No. 2:21-cv-5618-JFW (PLA) (the "Action"), is being provided to me pursuant to and subject to the restrictions of the Order.

2. I have been given a copy of and have read the Order. I am familiar with the terms of the Order, and I agree to comply with and to be bound by its terms. I will not use or disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

3. I understand and acknowledge that my failure to comply with the terms of the Order could expose me to sanctions and punishment in the nature of contempt.

4. I submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Executed on this \_\_\_\_ day of _____ [month and year] in _____ [city and state where sworn and signed]

Printed Name: _____   Signature: _____